UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **HARVEY PROPERTY MANAGEMENT GROUP LLC**, on behalf of itself and all others similarly situated, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | ) No. 1:16-cv-3164<br>)<br>) CLASS ACTION COMPLAINT |
| v. | )<br>) Demand for Jury Trial |
| **HMS COMPANIES, INC., d/b/a HMScreening, Lenders Portfolio, Hickory Energy, HMS Credit Services Company, HMS Maintenance Services, HMS Lender Recovery Services, and Hickory Management Services, and MICHAEL FLECKENSTEIN**, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## CLASS ACTION COMPLAINT

Plaintiff, Harvey Property Management Group LLC, by counsel, on behalf of itself and all others similarly situated, alleges:

## OVERVIEW

1.  This is a class action based on Defendants' practice of sending unsolicited fax advertisements in violation of the federal Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 42 U.S.C. § 227 (the "TCPA").

2.  The TCPA prohibits a person or business from faxing, or having an agent fax, advertisements without the recipient's prior express invitation or permission, and the TCPA requires a fax advertisement to contain a compliant opt-

out notice informing the recipient of his or her right to request not to receive additional faxes.

3. The TCPA was enacted to deter unsolicited fax advertising, also known as "junk faxes," based on Congress's findings that junk faxes are harmful because: (1) junk faxes shift the costs of advertising from the sender to the recipient; and (2) junk faxes occupy the recipient's fax machine so it is unavailable for legitimate business messages while processing and printing the junk faxes.

4. The TCPA provides a private cause of action to the recipient of an unsolicited fax advertisement for statutory damages of $500 per violation, and up to $1500 per willful or knowing violation.

5. Plaintiff further brings this case under the Indiana Deceptive Consumer's Sales Act, Ind. Code § 24-5-0.5-0.1, *et seq.* ("DCSA"), which incorporates the TCPA, to recover actual damages, statutory damages, injunctive relief, and attorney's fees and costs.

## JURISDICTION AND VENUE

6. This Court has federal question subject-matter jurisdiction over Plaintiff's TCPA claim under 28 U.S.C. § 1331.

7. This Court has supplemental jurisdiction over Plaintiff's DCSA claim under 28 U.S.C. § 1367(a).

8. This Court has personal jurisdiction over Defendants, and venue is proper in this District, because Defendants committed acts in the State of Indiana by causing the transmission of unlawful communications, because Defendants transact business in this District, and because Defendants reside in the State of

Indiana within the meaning of 28 U.S.C. § 1391(c). Defendants have systematic and continuous contacts within this State because they have systematically and continuously sent fax advertisements to persons in this State in furtherance of their business activities thereby purposefully availing themselves of the privilege of conducting business within this State.

## THE PARTIES

9. Plaintiff Harvey Property Management Group LLC is a citizen of Indiana, where it is incorporated, and has its principal place of business in Marion County, Indiana.

10. Defendant HMS Companies, Inc., d/b/a HMScreening, Lenders Portfolio, Hickory Energy, HMS Credit Services Company, HMS Maintenance Services, HMS Lender Recovery Services, and Hickory Management Services ("HMS Companies") is a citizen of Michigan, where it is incorporated, and has its principal place of business at 935 John Street, Kalamazoo, MI 49001.

11. Upon information and belief, Defendant Michael Fleckenstein ("Fleckenstein") is an individual who is a citizen of Michigan.

12. Fleckenstein, acting alone or with others, has formulated, directed, controlled, had the authority to control, or participated in the acts alleged in this Complaint. Upon information and belief, Fleckenstein transacted business personally and on behalf of HMS Companies in this District and across the United States.

13. Upon information and belief, Fleckenstein has exercised complete control over HMS Companies such that these companies are his alter ego, sham,

and mere instrumentality for his personal benefit, and he has disregarded and abused the corporate form and structure of HMS Companies.

## FACTS

14. On or about October 10, 2016, Defendants transmitted, or caused to be transmitted, by telephone facsimile machine an unsolicited fax advertisement that was received by Plaintiff (the "Junk Fax"). A true and accurate copy of the Junk Fax is attached as Exhibit A to this Complaint.

15. The Junk Fax advertises the commercial availability and quality of services, including criminal background checks and credit checks.

16. Plaintiff had not invited or given permission to Defendants to send the Junk Fax.

17. Plaintiff does not have an established business relationship with Defendants.

18. The Junk Fax fails to include an opt-out notice that informs the recipients that they may make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements.

19. On information and belief, Defendants faxed the same or similar unsolicited facsimiles to more than 40 other recipients without first receiving the recipients' express permission or invitation.

20. On information and belief, Defendants were aware of the TCPA.

21. On information and belief, Defendants willfully and knowingly violated the TCPA by sending these facsimiles.

## CLASS ACTION ALLEGATIONS

22. Under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this class action on behalf of Harvey Property Management Group LLC and the following Plaintiff class (the "Class"):

> All persons and entities that hold telephone numbers that received a fax after November 10, 2012 advertising the commercial availability of any property, goods, or services by or on behalf of HMS Companies that contains no opt-out notice, such as the fax attached as Exhibit A to the Complaint.

23. This action is properly maintainable as a class action under Rule 23(a).

24. The Class consists of more than forty persons, such that joinder of all Class members is impracticable.

25. There are questions of law and fact that are common to the Class members that relate to Defendants' uniform practice of sending unsolicited fax advertisements.

26. The claims of the Plaintiff are typical of the claims of the proposed Class because they are based on the same legal theory and course of conduct, and Plaintiff has no interests that are antagonistic to the interests of the Class members.

27. The Plaintiff is an adequate representative of the Class and has retained competent legal counsel experienced in class actions and complex litigation.

28. This action is properly maintainable as a class action under Rule 23(b)(3).

29. The questions of law and fact common to the Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendants. The predominant questions of law and fact in this litigation include, but are not limited to:

(i) whether Defendants sent unsolicited fax advertisements;

(ii) whether Defendants' faxes advertised the commercial availability of property, goods, or services;

(iii) whether those faxes failed to include a compliant opt-out notice;

(iv) the manner and method Defendants used to compile or obtain the list of fax numbers to which it sent the Junk Fax and other unsolicited faxed advertisements;

(v) whether Defendants sent the faxed advertisements willfully or knowingly;

(vi) whether Defendant's actions violated 47 U.S.C. § 227 and the regulations promulgated thereunder; and

(vii) whether the Court should award treble damages.

30. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the pursuit of hundreds of individual lawsuits would be not economically feasible for individual Class members and would cause a strain on judicial resources, yet each Class member would be required to prove an identical set of facts in order to recover damages.

31. This action does not present any unique management difficulties.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE TCPA

32. Plaintiff incorporates each preceding paragraph of this Complaint as if fully set forth below.

33. The TCPA generally makes it unlawful for any person or entity to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C).

34. The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality or any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

35. The TCPA provides a private cause of action with statutory damages of $500 for a violation and treble damages for willful or knowing violations. 47 U.S.C. § 227(b)(3).

36. Defendants used a telephone facsimile machine to send to Plaintiff and the Class members an unsolicited advertisement, without their express invitation or permission and without an established business relationship, in violation of the TCPA.

37. The unsolicited advertisements did not contain an opt-out notice meeting the requirements of 47 U.S.C. § 227(b)(2)(D) and/or 47 C.F.R. 64.1200(a)(4)(iii).

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE DCSA

38. Plaintiff and the Class Members who reside in Indiana are "persons" within the meaning of Ind. Code § 24-5-0.5-2(a)(2).

39. Defendants are a "supplier" as used in the DCSA. Ind. Code § 24-5-0.5-2(a)(3)(A).

40. Pursuant to the DCSA, "an unfair, abusive, or deceptive act . . . in connection with a consumer transaction . . . whether it occurs before, during, or after the transaction" is unlawful. Ind. Code § 24-5-0.5-3(a).

41. A supplier sending an "unsolicited advertisement . . . by telephone facsimile" to a person in violation of 47 U.S.C. § 227 is a deceptive act under the DCSA. Ind. Code § 24-5-0.5-2(a)(2), (3), (12), (13) & § 24-5-0.5-3(b)(19).

42. The sending of an unsolicited fax advertisement is an "incurable deceptive act" because it is a "deceptive act done by a supplier as part of a scheme, artifice, or device with intent to defraud or mislead." Ind. Code § 24-5-0.5-2(a)(8).

43. Within two years prior to the filing of this complaint and continuing to the present, Defendants violated the DCSA by engaging in unfair practices against Plaintiff and the Class.

44. The practices described herein also offend established public policy regarding the protection of the consuming public and legitimate business enterprises against companies, like Defendants, who engage in unfair methods of competition.

45. Defendants' business acts and practices are also unfair because they have caused harm and injury-in-fact to Plaintiff and the members of the Class residing in Indiana.

46. In addition to statutory damages of $500.00 with a potential increase to $1,000.00 upon the showing of a willful deceptive act, Plaintiff and the Class members residing in Indiana are entitled to reasonable attorney's fees and costs pursuant to Ind. Code § 24-5-0.5-4(a).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

A. Certification of the Class requested above and appointment of the Plaintiff as the Class Representative and of counsel as Class Counsel;

B. Statutory damages under the TCPA in the amount of $1,500 per violation for each Class member;

C. Statutory damages under the DCSA in the amount of $1,000 per violation;

D. Award Plaintiff and the Class their attorneys' fees and costs

E. Award pre- and post-judgment interest as provided by law; and

F. Grant all other relief that the Court finds just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury.

Dated:  November 18, 2016										Respectfully submitted,

                                                                             s/Vess A. Miller  
                                                                             Richard E. Shevitz, No. 12007-49  
                                                                             Vess A. Miller, No. 26495-53  
                                                                             Lynn A. Toops, No. 26386-49A  
                                                                             COHEN & MALAD, LLP  
                                                                             One Indiana Square, Suite 1400  
                                                                             Indianapolis, IN 46204  
                                                                             Telephone: (317) 636-6481  
                                                                             Fax: (317) 636-2593  
                                                                             rshevitz@cohenandmalad.com  
                                                                             vmiller@cohenandmalad.com  
                                                                             ltoops@cohenandmalad.com

                                                                             *Counsel for Plaintiff and the Proposed Plaintiff Class*