UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **HARVEY PROPERTY MANAGEMENT GROUP LLC**, on behalf of itself and all others similarly situated, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:16-cv-3164-WTL-TAB ) |
| **HMS COMPANIES, INC., d/b/a HMScreening, Lenders Portfolio, Hickory Energy, HMS Credit Services Company, HMS Maintenance Services, HMS Lender Recovery Services, and Hickory Management Services, and MICHAEL FLECKENSTEIN**, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**PRELIMINARY APPROVAL ORDER**

Plaintiff, Harvey Property Management Group LLC, and Defendants, HMS Companies, Inc., and Michael Fleckenstein, by their respective counsel, have submitted a Class Action Settlement Agreement ("Settlement") and have moved the Court under Rule 23 of the Federal Rules of Civil Procedure for an order:

(1) preliminarily approving the terms and conditions set forth in the Settlement,

(2) certifying a class for purposes of providing notice to the Class,

(3) approving the form and method of notice to the Class, and

(4) scheduling a fairness hearing to consider final approval of the Settlement.

The Court has given due consideration to the terms of the Settlement, the exhibits to the Settlement, the submissions in support of preliminary approval of the Settlement, and the record of proceedings, and now finds that the proposed Settlement should be preliminarily approved pending notice to Class Members and a final hearing on whether the Settlement is fair, reasonable, and adequate.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Settlement.

2. This Court has jurisdiction over the subject matter of this Lawsuit and jurisdiction over the Plaintiff and Defendants in the above-captioned case (the "Parties").

3. The Court finds that for the purposes of settlement and notice the requirements of Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been met, specifically:

   a. The class is so numerous that joinder of all members is impracticable, as there are hundreds of class members;

   b. There are questions of law or fact common to the class based upon the claims raised in the Lawsuit;

   c. The Plaintiff's claims are typical of the claims of the class;

   d. The Plaintiff and Class Counsel will fairly and adequately protect the interests of the class;

  e. Questions of law and fact common to the class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating this Lawsuit.

The Court therefore **CERTIFIES** the following Plaintiff Class:

> All persons and entities that hold telephone numbers that were sent a fax after November 10, 2012 advertising the commercial availability of any property, goods, or services by or on behalf of HMS Companies, Inc., HMScreening, Lenders Portfolio, Hickory Energy, HMS Credit Services Company, HMS Maintenance Services, HMS Lender Recovery Services, Hickory Management Services, or Michael Fleckenstein that contains no opt-out notice, such as the fax attached as Exhibit A to the Complaint.

4. The Court finds that the terms of the Settlement are within the range of a fair, reasonable, and adequate settlement between the Class and Defendant under the circumstances of this case. The Court therefore preliminarily approves the Settlement and directs the parties to the Settlement to perform and satisfy the terms and conditions of the Settlement Agreement that are triggered by such preliminary approval.

5. The proposed Notice of Class Action Settlement in the form attached to the Settlement Agreement as Exhibit "B", and the manner of distribution of such Notice by direct fax, are hereby approved by this Court as the best notice practicable to the Class. The form and manner of notice proposed in the Settlement comply with Rules 23(c) and (e) and the requirements of Due Process.

6. Pursuant to Rule 23(e), a final fairness hearing (the "Fairness Hearing") shall be held before the undersigned at 2:00 p.m., on January 23, 2018, in Courtroom 202, Birch Bayh Federal Building & U.S. Courthouse, 46 East Ohio Street, Indianapolis, IN 46204 for the purpose of: (a) determining whether the Settlement is fair, reasonable, and adequate and should be finally approved; (b) determining whether a Final Approval Order should be entered; and (c) considering Class Counsel's application for an award of attorneys' fees and expenses pursuant to Rule 23(h). The Court may adjourn, continue, and reconvene the Fairness Hearing without further notice to the Class, and the Court may consider and grant final approval of the Settlement, with or without minor modification and without further notice to the Class.

7. Class Counsel shall fax or cause to be faxed to each Class Member no later than the latter of ten days from the date of this Order or 10 days from the date on which all payments have been made to fully fund the Settlement Fund, a copy of the mailed Notice in the form attached to the Settlement as Exhibit "B."

8. Class Members shall be afforded an opportunity to request exclusion from the Class. A request for exclusion from the Class must: (i) state that the Class member wishes to "opt-out" or request "exclusion" from the Class; (ii) contain the full name, current address, and telephone number of the person requesting exclusion; (iii) contain the title of the Lawsuit: "*Harvey Property Management Group LLC v. HMS Companies, Inc.*;" (iv) be signed by the person requesting exclusion; and (v) be sent to the Clerk of the Court by U.S. mail with a postmark on

or before thirty (30) days after the date that faxed notice is first issued (the "Exclusion Deadline"). Members of the Class who submit a timely and valid request for exclusion from the Class shall not participate in and shall not be bound by the Settlement.  Members of the Class who do not timely and validly opt out of the Class in accordance with the Notice shall be bound by all determinations and judgments in the action concerning the Settlement.

      9.      Class Members who have not excluded themselves shall be afforded an opportunity to object to the terms of the Settlement.  Any objection must: (i) contain the full name and current address of the person objecting; (ii) contain the title of the Lawsuit: *"Harvey Property Management Group LLC v. HMS Companies, Inc.*" with the case number  (iii) state the reasons for the Class member's objection; (iv) be accompanied by any evidence, briefs, motions or other materials the Class member intends to offer in support of the objection; (v) be signed by the Class member; and (vi) be sent by U.S. mail, first class and postage prepaid, with a postmark no later than thirty (30) days after the date that faxed Notice is first issued (the "Objection Deadline") to the Clerk of the Court.  If the Class Member or his or her Counsel wishes to speak at the Fairness Hearing, he or she must file with the Court a Notice of Intention to Appear no later than fifteen (15) days before the Fairness Hearing.

      10.      Any member of the Settlement Class who does not make his or her objection known in the manner provided in the Settlement and Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement.

11. Any request for intervention in this action for purposes of commenting on or objecting to the Settlement must meet the requirements set forth above, including the deadline for filing objections, and also must be accompanied by any evidence, briefs, motions or other materials the proposed intervenor intends to offer in support of the request for intervention, and must meet the requirements of the Federal Rules of Civil Procedure.

12. Any lawyer intending to appear at the Fairness Hearing must be authorized to represent a Class Member, must be duly admitted to practice law before the United States District Court for the Southern District of Indiana, and must file a written appearance.

13. Not more than ten (10) days after the Exclusion Deadline, Class Counsel shall file a Notice of Settlement Exclusions, listing the names of all persons or entities who timely and validly excluded themselves from the Settlement.

14. Defendants have agreed to pay a collective total of $80,000 as the Settlement Fund, which they will pay to the Notice and Settlement Administrator as set forth in the Settlement to be held for the benefit of the Settlement Class and subject to further Court order.

15. No fewer than ten (10) days prior to the Fairness Hearing, Class Counsel shall file a motion for approval of the attorneys' fees and expenses to be paid from the Settlement Fund, along with any supporting materials.

16. If the Settlement does not become effective or is rescinded pursuant to the Settlement Agreement, the Settlement and all proceedings had in connection

therewith shall be without prejudice to the status quo ante rights of the Plaintiff and Defendants, and all Orders issued pursuant to the Settlement shall be vacated.

17. The Court may adjourn the date and/or time of the Fairness Hearing without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

**SO ORDERED.**

Dated: 9/19/17

_____
Hon. William T. Lawrence
Judge, United States District Court
Southern District of Indiana

Distribution:
Service of this Order will be made electronically on all ECF-registered counsel of record via email generated by the Court's ECF system.